THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS
ATTORNEY GENERAL


November 1, 1962

Affirmed by C-397

Honorable Robert B. McLeaish, Jr.
County Auditor
Hidalgo County
Edinburg, Texas

Opinion No. WW-1466

Re: Questions relative to
proper funds to be used
to pay the traveling ex-
pense of a presiding
Judge and his court re-
porter under the stated
facts.

Dear Mr. McLeaish:

Your request for an opinion reads as follows:

"As you are well aware, citizens of the
Lower Rio Grande Valley have for a number of
years been involved in litigation of the now
famous 'water suit,' Cause No. B-20576 and
styled THE STATE OF TEXAS vs. HIDALGO COUNTY
WATER CONTROL AND IMPROVEMENT DISTRICT NO. 18,
ET AL. This suit has become a good bit more
complex as the years have gone by and at the
present time is complicated by a number of
factors. Among those factors which make the
'water suit' unique are the following:

"1. The suit is one in which there
are numerous litigants hailing from four
counties: Hidalgo, Cameron, Starr and
Willacy Counties.

"2. The presiding judge of the 93rd
Judicial District of the State of Texas,
which court is trying the water suit, was
disqualified by both the Court of Appeals
and the Supreme Court of Texas.

"3. Chief Justice Calvert, rather
than the administrative judge of the Fifth
Judicial Administrative District, appointed

a judge to try this case. Judge J. H. Starley, of Pecos, was appointed by Chief Justice Calvert to preside over the water suit. Judge Starley has found it necessary to bring this court reporter with him when traveling to this county in connection with his judicial duties here.

"4. Administrative as well as judicial problems are involved in the trial of the water suit.

"5. To aid in administration of the water use from time to time, a fund has been created by contribution of the water users which enables them to pay for the services of a water master, various employees under the water master, various professional fees and other expenses. The users are charged as follows: Farmers pay 3¢ per acre quarterly or 5¢ per acre foot used quarterly, whichever is greater; each city has a specific weekly water allotment and pays 65¢ per acre foot quarterly on this weekly water allotment or 5¢ per acre foot on the water used during the quarter, whichever is greater.

"As a result of these unique features of the water case that is now being tried in the 93rd Judicial District Court of the State of Texas, which Court is located in Hidalgo County, Texas, several questions have arisen:

"1. Since the presiding judge of the water suit, Judge Starley, finds it necessary to travel great distances and live away from home for extended periods of time, is it legal to pay Judge Starley from the fund that has been created by contributions from the various users? If it is legal to pay Judge Starley's expenses and the expenses of his reporter from this fund, exactly what procedure would be followed in providing for these expenses?

"2. If it is not legal to pay Judge Starley and his reporter from the water

> users' fund, must Hidalgo County bear
> the entire cost of travel expenses of
> Judge Starley and his reporter? If it
> is not necessary for Hidalgo County to
> bear this entire cost and the cost can
> be spread among the other counties in-
> volved in the water suit, what procedure
> and what basis of proration must be made
> to allow the other counties to pay their
> prorated share of the cost of the water
> suit?"

Subdivisions 3 and 4 of Section 2a and Section 10 of Article 200a, Vernon's Civil Statutes, provide as follows:

> "(3) In addition to the method set forth
> in this Act for the assignment of judges by the
> Presiding Judges of the Administrative Judicial
> Districts, the Chief Justice shall have the power
> to designate and assign judges of one or more
> Administrative Judicial Districts for service in
> other Administrative Judicial Districts whenever
> he deems such assignment necessary to the prompt
> and efficient administration of justice. Judges
> so assigned by the Chief Justice shall perform
> all the duties and functions authorized in this
> Act the same as if they had been so designated
> and assigned by the Presiding Judges of the Ad-
> ministrative Judicial Districts.

> "(4) In addition to, and cumulative of, all
> other compensation and expenses authorized by law
> and this Act, judges who are required to hold
> court outside their own districts and out of their
> own counties under the provisions of this Act,
> shall receive a per diem of Twenty-five ($25.00)
> Dollars for each day, or fraction thereof, which
> they spend outside their said districts and
> counties in the performance of their duties; such
> additional compensation to be paid in the same
> manner as their salaries are paid by the State upon
> certificates of approval by the Chief Justice or
> by the Presiding Judge of the Administrative Judi-
> cial District in which they reside."

> "Sec. 10. When the district judges are as-
> signed under the provisions of this Act to dis-
> tricts other than their own district, and out
> of their own counties, they shall, in addition

to all other compensation permitted or au-
thorized by law, receive their actual ex-
penses in going to and returning from their
several assignments, and their actual living
expenses while in the performance of their
duties under assignments, which expenses
shall be paid out of the General Fund of
the county in which their duties under as-
signments are performed, upon accounts certi-
fied and approved by the Presiding Judge of
the Administrative District."

In view of the foregoing provisions and under the facts
submitted, the presiding judge is entitled to $25.00 per day
for each day or fraction thereof spent outside of his district,
in addition to and cumulative of all other compensation and
expenses authorized by law, and is entitled to his actual ex-
penses in going to and returning from and his actual living
expenses while in the performance of his duties under the as-
signment.

We know of no constitutional or statutory authoriza-
tion which would permit a judge hearing a case to be paid from
a fund consisting of contributions made by parties interested
in the outcome of a particular suit. You are therefore advis-
ed in answer to your first question that the presiding judge
cannot be paid traveling expenses or compensation from the fund
which has been created by contributions of various water users.
In answer to your second question, the presiding judge is to
be paid his actual expenses outlined above from the General
Fund of Hidalgo County (Section 10 of Article 200a, V.C.S.),
and is to be paid the $25.00 per diem by the State (Section 2a
of Article 200a).

We know of no provision either in the Constitution or
statutes of this State which authorizes the payment of travel-
ing expenses of a court reporter. His compensation consists
of salary and fees for the preparation of statements of fact.
You are therefore advised that the traveling expenses incurred
by the court reporter may not be paid by the State or County.
The preceding sentence is not to be construed as passing on
the authority of the parties to contract with the court reporter
to perform services for the use and benefit of parties seeking
the services of a court reporter.

## SUMMARY

A judge on an assignment to hold court
outside his own district pursuant to the

provisions of Article 200a, Vernon's Civil Statutes, is entitled to receive a per diem of $25.00 for each day or fraction thereof which he spends outside his district and his actual living expenses, together with his actual traveling expenses going to and returning from his assignment. All of the foregoing is in addition to and cumulative of all other compensation authorized by law.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Iola Wilcox
W. O. Shultz
Dudley McCalla
Scranton Jones

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore